IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

TARAS N. RAGGIO,                  )
                                  )
            Plaintiff,            )
                                  )
    v.                            )    1:23CV430
                                  )
SHERIFF CHRIS DAVIS,              )
et al.,                           )
                                  )
            Defendants.           )

**MEMORANDUM OPINION AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

This case comes before the Court sua sponte.[1] For the reasons that follow, it is recommended that the Court dismiss the Complaint (Docket Entry 1) and subsequent Proposed Amended Complaints (Docket Entries 3-6) for want of subject-matter jurisdiction.

**BACKGROUND**

In her Complaint and subsequent Proposed Amended Complaints,[2] Plaintiff names a combination of at least 128 entities and individuals across the United States as defendants (collectively, the "Defendants"), including, inter alia, state court officials, county government offices, volunteer fire departments, the Grand

---

[1] Plaintiff filed an Application to Proceed IFP (the "Application") (Docket Entry 2). However, her payment of the filing fee (see Receipt of Funds on May 26, 2023) mooted the application (see Text Order dated Jan. 30, 2024).

[2] Plaintiff filed four Proposed Amended Complaints over the course of five months. (Docket Entries 3-6.) Each Proposed Amended Complaint lists approximately 20 new defendants without additional facts or allegations. (See id.)

Bohemian Hotel, the United States Postal Service, CBS Affiliate WNCT/ENCT, Seven Lakes West Land Association, Lowes Home Centers LLC, and Carolina Eye Associates. (See Docket Entry 1 at 6-10; Docket Entry 3 at 1-2; Docket Entry 4 at 1-2; Docket Entry 5 at 1-3; Docket Entry 6 at 1-2.)[3]

The Complaint alleges the basis for jurisdiction as numerous federal and state statutes including the Foreign Intelligence Surveillance Act, Torture Offenses under 18 U.S.C. § 2340, Espionage and Censorship under 18 U.S.C. § 793, Misuse of Department of Motor Vehicle Information under 18 U.S.C. § 2721, and various constitutional violations. (See Docket Entry 1 at 10-11.)

Further, the Complaint alleges the "deprivation of [c]ivil [r]ights and [c]ivil liberties" under the Servicemembers Civil Relief Act[4] and the Fourth Amendment of the United States Constitution. (Id. at 11.) Specifically, the Complaint alleges:

> [Plaintiff is] voicing [her] rights concerning domestic violence against women and abuse of U.S. Federal Government Surveillance (FISA § 702). Since 2017 [Plaintiff is] a victim of illegal electronic surveillances (oral and wire), major civil rights violations, cyberstalking, stalking, de-monstrous privacy rights violations, and massive intrusions upon solitude violations. [Plaintiff] married a Military Police Officer for 18 years thus [she] is familiar. Albeit a civil concern, [Plaintiff] believe[s] Law Enforcement,

---

[3] Docket Entry page citations utilize the CM/ECF footer's pagination.

[4] The Servicemembers Civil Relief Act provides for legal and financial protections limited to service members deployed on active duty. See 50 U.S.C. § 3901.

2

> Fire Departments and Emergency Management System personnel are using illegal wiretapping, eavesdropping, and are abusing (misusing) Federal Government surveillances for the purposes of cyberstalking, stalking and are violating fourth amendment rights, civil liberties, and the right to privacy. These alleged violations are a troubling form of psychological abuse (gas lighting), a silent hidden danger and erodes public confidence. . . . The bases for relief are because since 2017 the aggression of stalking, and illegal electronic surveillance has not stopped (8 years). [Plaintiff] ha[s] discovered illegal surveillance markings within [her] previous home (Pamlico County) and [her] home bought in Moore County in 2022. The property damage is similar with pinhole cameras, foundation wood damage, dry wall damages, misuse of and interruptions of electrical (e.g., Refrigerator, Cable) service. Because the alleged events, over time are even aggressive, [Plaintiff] fear[s] her] life is in danger.

(Id. (atypical spelling, formatting except ellipses, and parentheticals in original).)

The Complaint requests relief in the form of "declaratory, civil, and monetary relief for violating per[s]onal effects, residence ($585,000) [and] temp residences ($6,000)." (Id. at 4.) The Complaint additionally requests:

> [T]he Office of the Clerk and Internal Affairs (Inspector General) intervene by opening an investigation of monetary, declaratory and civil relief against [Defendants]. [Plaintiff is] requesting the U.S. District Court, intervene by applying for a civil lawsuit under Title 18 U.S.C. 241 and Title U.S.C. 242, the Service Members Civil Relief- a domestic complaint for deprivation of civil rights (fourth amendment), violating privacy. . . . The estimate of property damage is beyond $25,000. Notwithstanding the amount of money spent on sound proofing the home and emotional damage of living in fear $50,000 plus money spent hotel rooms ($6,000). If the Office of Inspector General finds alleged human rights abuses, fraud, waste, and abuses of State and U.S. Federal Government resources are illegal, [Plaintiff is] also requesting civil relief of fining perpetrators and

3

> declaratory relief of imprisonment or both; including a permeant non-stalking protective order.

(Id. (atypical spelling, formatting except ellipses, and parentheticals in original).)

## **DISCUSSION**

"The inherent authority of the district court to dismiss a case *sua sponte* and control its docket is well established." Moser v. Universal Eng'g Corp., 11 F.3d 720, 723 (7th Cir. 1993) (italics in original); see also Chambers v. NASCO, Inc., 501 U.S. 32, 44-45 (1991) ("[I]nherent powers must be exercised with restraint and discretion. A primary aspect of that discretion is the ability to fashion an appropriate sanction for conduct which abuses the judicial process. . . . [O]utright dismissal of a lawsuit . . . is a particularly severe sanction, yet is within the court's discretion." (internal citation omitted)). "This power derives from the need for courts 'to manage their own affairs so as to achieve the orderly and expeditious disposition of cases,' and extends beyond the powers enumerated in the Federal Rules of Civil Procedure." Moser, 11 F.3d at 723 (quoting Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1961)).

The Court possesses inherent authority to dismiss a frivolous action, "even when the filing fee has been paid." Yi v. Social Sec. Admin., 554 F. App'x 247, 248 (4th Cir. 2014). Moreover, "because a [federal] court lacks subject matter jurisdiction over an obviously frivolous complaint, dismissal prior to service of

4

process is permitted." Id. at 248; see also Constantine v. Rectors & Visitors of George Mason Univ., 411 F.3d 474, 480 (4th Cir. 2005) ("A federal court has an independent obligation to assess its subject-matter jurisdiction, and it will raise a lack of subject-matter jurisdiction on its own motion." (internal quotation marks omitted)). Indeed, "[o]ver the years [the Supreme] Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit, wholly insubstantial, obviously frivolous, plainly unsubstantial, or no longer open to discussion." Hagans v. Lavine, 415 U.S. 528, 536-37 (1974) (internal citations and quotation marks omitted). In other words, "where a claim is obviously without merit, *Hagans* precludes a federal district court from exercising its jurisdiction." Lovern v. Edwards, 190 F.3d 648, 654 (4th Cir. 1999); accord Davis v. Pak, 856 F.2d 648, 651 (4th Cir. 1988) ("*Hagans* stands for the proposition that federal courts are without jurisdiction to hear frivolous constitutional claims.").

"[A] complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "The word 'frivolous' is inherently elastic and not susceptible to categorical definition. . . . The term's capaciousness directs lower courts to conduct a flexible analysis,

5

in light of the totality of the circumstances, of all factors bearing upon the frivolity of a claim." Nagy v. Federal Med. Ctr. Butner, 376 F.3d 252, 256-257 (internal quotation marks omitted). According to the United States Supreme Court, factually frivolous complaints involve "allegations that are fanciful, fantastic, and delusional. As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." Denton v. Hernandez, 504 U.S. 25, 32-33 (1992) (citations and internal quotation marks omitted).[5] In determining frivolousness, the Court may "apply common sense." Nasim v. Warden, MD. House of Corr., 64 F.3d 951, 954 (4th Cir. 1995).

In this case, the Complaint and subsequent Proposed Amended Complaints allege that Defendants, "illegal[y] wiretapp[ed],

---

[5] Notably, complaints presenting "[c]laims that are essentially fictitious," such as ones asserting "bizarre conspiracy theories," also merit dismissal under the substantiality doctrine. Newby v. Obama, 681 F. Supp. 2d 53, 56 (D.D.C. 2010) (internal quotation marks omitted); see Stratton v. Mecklenburg Cnty. Dep't of Soc. Servs., 521 F. App'x 278, 289 (4th Cir. 2013) (explaining that, per the Supreme Court, "the substantiality doctrine forbids the federal district courts from exercising subject matter jurisdiction over claims that are attenuated and insubstantial, absolutely devoid of merit, obviously frivolous, or no longer open to discussion" and that "[t]he substantiality doctrine has also been equated by the [Supreme] Court with a federal court's dismissal of claims that are essentially fictitious"); see also O'Brien v. United States Dep't of Just., 927 F. Supp. 382, 385 (D. Ariz. 1995) ("On their face, [the p]laintiff's allegations are so bizarre and delusional that they are wholly insubstantial and cannot invoke this court's jurisdiction.").

eavesdropp[ed], and [] abus[ed] Federal Government surveillances for the purposes of cyberstalking, stalking and [] violating [Plaintiff's] fourth amendment rights." (Docket Entry 1 at 11.) This alleged surveillance of Plaintiff happened through methods such as "pinhole cameras" in Plaintiff's homes and "misuse of and interruptions of electrical service" of Plaintiff's "Refrigerator" and "Cable". (Id. (parenthetical omitted).) Not only do these allegations lack a sufficient factual basis, Plaintiff's allegations qualify as "fanciful" and "delusional." Denton, 504 U.S. at 33. Even liberally construed, Plaintiff's claims are best described as "bizarre and delusional." O'Brien, 927 F. Supp. at 385. "As a result, it is clear that this Court lacks jurisdiction over [these] allegations or attempted claims . . . because they are wholly insubstantial . . . and frivolous." Cannon v. State Workers, No. 2:08-3447-HMH-RSC, 2008 WL 4960234, at *2 (D.S.C. Nov. 20, 2008).

## CONCLUSION

The Complaint's patent frivolity warrants dismissal.

**IT IS THEREFORE RECOMMENDED** that, due to its frivolousness, this action be **DISMISSED FOR WANT OF SUBJECT-MATTER JURISDICTION**, without return of the filing fee.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

January 30, 2024